HENRY T. CLARKE, PLAINTIFF IN ERROR, V. THE CHICAGO, KANSAS, AND NEBRASKA RAILROAD COMPANY, DEFENDANT IN ERROR.

1. Railroads: RIGHT OF WAY: PETITION TO CONDEMN. Where a railway company, in its petition to condemn real estate for right of way, sets forth the necessary facts to show that it is a corporation duly organized under the laws of this state, and there is no denial of that fact, the petition will be *prima facie* sufficient to authorize the company to condemn real estate without proof of its incorporation.

2. Verdict. Where the principal ground of error is, that the verdict is much less than it should have been from the evidence before the jury; and it appears that the jury based their verdict upon the testimony of the witnesses whose estimates were the lowest, instead of those whose estimates were the highest, the verdict ordinarily will not be set aside.

ERROR to the district court for Thayer county. Tried below before MORRIS, J.

*Pound & Burr* and *C. L. Richards,* for plaintiff in error, cited: *Armstrong v. Freeman,* 9 Neb., 11. *Evans v.*

*DeRoe*, 15 Id., 631.   *Newman v. Mueller*, 16 Id., 523.
*Bond v. Dolby*, 17 Id., 491.

*Manford Savage*, for defendant in error, cited: *Mich. Air Line R. R. v. Barnes*, 6 N. W. R., 651.   *R. R. v. Birkett*, 62 Ill., 332.   *Fitzgerald v. Fitzgerald*, 16 Neb., 413.   *Green v. Chicago*, 97 Ill., 370.

MAXWELL, J.

The defendant located its line of railway across three quarter sections of the plaintiff's land, and regular proceedings were instituted to condemn such right of way, and an award made by the commissioners and filed with the county judge.   An appeal was then taken to the district court, and on the trial the following verdicts were rendered:

"We, the jury in this case, being duly impaneled and sworn, do find and say that the plaintiff recover of the defendant, and assess his damages on the north-east quarter of section 8, town 2, range 1 west of 6 P. M., at the sum of $145.79, for the actual amount of land taken, and the further sum of $115 damages to the remaining part of said land; and generally we find for the plaintiff in the sum of $260.79.

"W. H. JENNINGS,<br>"Foreman.

"We, the jury in this case, being duly impaneled and sworn, do find and say that the plaintiff recover of the defendant, and assess his damages on the south half of section nine (9), town 2, range 1 west of 6 P. M., at the sum of $149.52, for the actual amount of land taken, and the further sum of $190 damages to the remaining part of said land; and generally we find for the plaintiff in the sum of $339.52.

"W. H. JENNINGS,<br>"Foreman.

"We, the jury in this case, being duly impaneled and sworn, do find and say that the plaintiff recover of the defendant, and assess his damages on the north-west quarter of section 15, town two, range one west, at the sum of $199.36, for the actual amount of said land taken, and the further sum of $291$\frac{42}{100}$ dollars damages to the remaining part of said land; and generally we find for the plaintiff in the sum of $490$\frac{78}{100}$ dollars.

"W. H. JENNINGS,
"*Foreman.*"

A motion for a new trial having been filed and over-ruled, and judgment entered on the verdicts, the plaintiff prosecutes error to this court.

The first error assigned is, that there is an entire want of testimony to show that the defendant is a corporation organized under the laws of this state.

In the petition filed with the county judge for the condemnation of the right of way in controversy, it is alleged that said defendant "is a corporation duly incorporated and organized under and by virtue of the laws of the state of Nebraska, and under and by virtue of its charter and incorporation as aforesaid is authorized by the laws of the state of Nebraska to construct, operate, and maintain a line of railroad into and through said county of Thayer." Then follows a statement of the necessary facts to authorize the county judge to appoint commissioners to condemn said right of way. None of these facts were denied, either before the county judge or in the district court. It is therefore unnecessary for the corporation to introduce testimony to prove that it was duly incorporated under the laws of this state. In a number of cases this court has held that, where other matters are involved than the amount of damage sustained, such matters must be pleaded. *R. V. R. R. v. Hayes,* 13 Neb., 489. *Gerrard v. O., N. & B. H. R. R. Co.,* 14 Neb., 270. Therefore, where no issue is taken upon any

matter aside from the question of damages, by pleading facts, and the petition shows on its face the right of the corporation to condemn, the simple question presented is, the amount of damages to be awarded. The first assignment, therefore, is not well taken.

The second ground of error is, that the verdicts are less than the testimony would warrant. It must be confessed that the amounts awarded are much less than the jury would have been justified from the evidence in returning. But there was ample testimony before the jury to justify these verdicts, and the fact that they have adopted the lowest instead of the highest estimate will not ordinarily justify an appellate court in setting the verdicts aside. The question of the value of real estate, or damages sustained by a land-owner from a right of way condemned across his land, is peculiarly of a local nature, proper to be determined by a jury of the county where the land is situated, the verdict being based upon the testimony of witnesses acquainted with the land and its value, and capable of making a fair estimate of the damages sustained. Such a jury thus advised certainly possess means of knowledge not presented to this court, and their verdict, based upon the testimony, generally will be sustained. There is no error in the record, therefore, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.