OMAHA BELT RAILWAY COMPANY, PLAINTIFF IN ERROR, V. SWAN G. JOHNSON AND AUGUST BENSON, DEFENDANTS IN ERROR.

1. **Eminent Domain.** Where real estate has been condemned for public use, and damages awarded to the land owner by a jury, and the only error assigned in the supreme court is, that the verdict is excessive, the court ordinarily will not vacate or modify the verdict if it is based on the testimony in the case.

2. ———. The question of the amount of damages sustained by the land owner for a right of way condemned across his land is peculiarly of a local nature, proper to be determined by a jury of the county.

ERROR to the district court of Douglas county. Tried below before HOPEWELL, J.

*George E. Pritchett,* for plaintiff in error.

*J. J. O'Connor* and *C. A. Baldwin,* for defendants in error.

MAXWELL, J.

The plaintiff condemned certain real estate of the defendants situated in North Omaha. The strip condemned was seventy-five feet in width by $107\frac{1}{2}$ feet in length, being part of the defendants' brick-yard. An appeal from the award of damages was taken to the district court of Douglas county, where on the trial the jury returned a verdict for $1,000 principal and $107$\frac{89}{100}$ interest. A motion for a new trial having been overruled, judgment was entered on the verdict.

The error relied upon in this court is, that the verdict is against the weight of evidence—in other words, is excessive.

The testimony as to the value of the land taken varies from a few hundred dollars to $1,500. It appears that the land was used by the defendants as a part of a brick-yard ; that it had been leveled up and fitted for that purpose at a considerable expense; that they possessed an abundance of clay for the manufacture of bricks close at hand, and that a pipe connected with the city water-works extended into their yard for their use. Upon these facts, the question of damages was properly one for a jury, and where the verdict is based on the evidence this court cannot ordinarily say that the jury should have adopted the lowest instead of the highest estimate.

The question here presented was before this court in *Clarke v. C., K. & N. R. R. Co.*, 23 Neb., 616, where it is said : " That the question of the value of real estate or damages sustained by a land owner from a right of way condemned across his land, is peculiarly of a local nature, proper to be determined by a jury of the county where the land is situated, the verdict being based upon the testimony of witnesses acquainted with the land and its value and capable of making a fair estimate of the damages sustained. Such a jury thus advised certainly possess means of knowledge not presented to this court, and their verdict, based upon the testimony generally will be sustained."

The testimony shows that the defendants sustained heavy damages by reason of the condemnation of the land heretofore referred to, and no sufficient reason has been shown for setting aside or modifying the verdict. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.