NORTHEASTERN NEBRASKA RAILROAD COMPANY, PLAINTIFF IN ERROR, V. WILLIAM FRAZIER AND JAMES A. FRAZIER, DEFENDANTS IN ERROR.

1. **Jurors:** SELECTION FOR TRIAL OF CAUSES. Where the county commissioners select sixty names of persons, proportionately from the several precincts of the county from which the petit jurors are to be drawn by the clerk of the court and the sheriff, etc., a motion to quash the panel, on the ground that one of the commissioners had an action pending in court to be determined by a jury, should be overruled, in the absence of a showing of partiality or unfairness, or that any of the persons thus selected were favorable to such commissioner.

2. **Change of Venue.** An application for a change of venue in a civil action should be denied, unless it is made to appear to the court that a fair and impartial trial cannot be had in the county where the action is pending; the fact that there are numerous persons in the county that are biased and prejudiced against a party to a suit will not justify a court in granting a change of venue, on the application of such party, if it appears that a fair and impartial jury can be had, and a fair trial had therein.

3. **Railroads:** DAMAGES FOR RIGHT OF WAY: AWARD. Where the interest in certain lands across which a right of way is sought by a railway company is in two persons, and before the appraisement of damages takes place, but after the filing of the petition, one of such persons acquires the interest of the other, and the award is made to the former, he will be entitled to the full amount thereof.

4. ———: ———: SEVERAL TRACTS OF LAND. Where a number of tracts of land as described by the government surveys are used together as one farm or body of land, in determining the owner's damage by reason of the location of a railway across one or more of the tracts, the injury to the whole farm or body of land should be considered.

5. ———: ———. The question of the amount of damages sustained by a land owner for a right of way condemned across his land is peculiarly of a local nature, proper to be determined by a jury of the county, and the supreme court ordinarily will not vacate or modify the verdict, if it is based upon the testimony in the case.

6. **Instructions to Jury.** It is not error for the court to refuse to give an instruction asked on behalf of the defendant when it has already given the same in substance in its own instructions.

ERROR to the district court for Wayne county. Tried below before POWERS, J.

*H. C. Brome,* for plaintiff in error.

The court below erred in refusing to quash the panel of the petit jury. *Ensign v. Harney,* 15 Neb., 330. The application for a change of venue should have been allowed. Sec. 61, Code of Civil Procedure. *Richmond v. State,* 16 Neb., 389. *Simmerman v. State,* 16 Neb., 618. The court erred in admitting evidence and instructing the jury upon the theory that plaintiffs were entitled to recover damages to the two tracts described as owners instead of lessees. *Missouri Pacific R. R. Co. v. Hays,* 15 Neb., 224. *Pomeroy, Exr., v. Chicago & Milwaukee R. R. Co.,* 25 Wis., 641. *Rand v. Townsend,* 26 Vt., 670. *Kutz v. McCuen,* 22 Wis., 628. *Cent. Ry. Co. v. Meskel et al.,* 32 Tex., 723. *Drury v. Midland R. R. Co.,* 127 Mass., 571. *McLendon v. Atlantic & W. P. R. R. Co.,* 54 Ga., 293. *Chicago & Alton R. R. Co. v. Maher,* 91 Ill., 312. *H. & G. I. R. R. Co. v. Ingalls,* 15 Neb., 123. *Dodge v. O. & S. W. R. R. Co.,* 20 Neb., 276. The court erred in admitting evidence of damages to other tracts contiguous to, but not embraced in, the lands covered by the petition in the condemnation proceedings, and not covered by the award of the commissioners. Rorer on Railroads, 395. *Minnesota Valley R. R. Co. v. Doran,* 15 Minn., 240.

*Northrop & Welch,* for defendants in error, on quashing jury, cited: *Everton v. Esgate,* 24 Neb., 235. Plaintiff cannot dispute the title to the property or the right to the award of any claimant whom it has made a party. *O. &*

*N. W. R. R. Co. v. Menk*, 4 Neb., 24.    *R. V. R. R. Co. v. Fink*, 18 Neb., 86.    *Gerard v. O., N. & B. H. R. R. Co.*, 14 Neb., 271.    Rorer on Railroads, Vol. 1, p. 338. *Chicago, Burlington & Quincy Railroad Co. v. Chamberlain*, 84 Ill., 333.    The equitable owner is entitled to the whole of the award, the same as though he owned the unencumbered fee of the land.    *St. L. & D. R. R. Co. v. Weldon*, 17 Kan., 240.    The estimate of the damages to the whole of each tract was properly left to the jury, and they are the sole judges of the amount of damage.    *Ham v. Wisconsin, I. & N. Ry. Co.*, 17 N. W. Rep., 157.    *Sheldon v. Minneapolis & St. Louis Ry. Co.*, 13 N. W. Rep., 134. *Wilmer v. Minneapolis & St. Louis Ry. Co.*, 13 N. W. Rep., 39.    *Reisner v. Depot & Ry. Co.*, 27 Kan., 382. *H. & G. I. R. R. Co. v. Ingalls*, 15 Neb., 129.


MAXWELL, J.

On the 11th day of June, 1886, plaintiff in error filed its petition in the county court of Wayne county for the appointment of commissioners to assess damages occasioned by the appropriation of lands in Wayne county for the right of way of said railroad.

The petition showed the location of such railroad over and across the south half of the north-west quarter, and the north-east quarter of the south-west quarter of section six, township twenty-six, range three east of the sixth principal meridian; the legal title to this tract being, at the time of the filing of this petition, in the defendants in error, William Frazier and James Frazier.

The petition also showed the location of such railroad over and across the north half of the north-east quarter of section 14, township 27, range one east, being an eighty-acre tract, the title to this land, at the time of the filing of the petition, being in the state of Nebraska, the defendants in error having at that time simply a leasehold interest.

The petition also showed the location of the railroad over and across the south-west quarter of section 11, township 27, range one east, this also being school land, defendants in error being lessees only; all of said tracts of land, except the south half of the north-west quarter, and the north-east quarter of the south-west quarter of section six, township twenty-six, range three east, being wild, uncultivated prairie land. Notice having been given as provided by law, and commissioners having been appointed, on the 23d day of June, 1886, the commissioners reported to the county judge their assessment of damages with respect to the north half of the north-east quarter of section 14, township 27, range 1 east, being one of the tracts above referred to, at $201.27. And on the 25th day of that month, the commissioners assessed the damages occasioned by the location of such line of railroad over and across the south half of the north-west quarter, and the north half of the south-west quarter of section six, in township 26 north, of range 3 east, at $450. And on the 28th day of June of that year, the commissioners assessed the damages upon another tract, to-wit: The south-west quarter of section 11, township 27, range one east, at $166.82.

From these several awards of damages both parties appealed to the district court of Wayne county. These appeals were afterwards, by consent of parties, consolidated, and pleadings filed. Up to the time of the trial the record now presented consisted of two separate causes. But at the time of the trial, it appearing that these two separate causes were between the same parties, they were consolidated, and by agreement of parties tried as one case.

When petitions were filed in these causes the land owners, who are defendants in error in this court, claimed to be the owners of certain other lands lying contiguous to the tracts referred to, and across which the railroad had been located, and claimed damages to such other tracts by reason of the location of the line of railroad across the

tracts above referred to. The defendant railroad company, by motion in the district court, sought to require the land owners to limit their claims for damages in the district court to the same lands for which damage had been claimed and allowed by the commissioners. This motion was overruled, to which ruling the defendant below excepted.

Plaintiffs, by their amended petition filed in the district court, allege that, on the 11th day of June, 1886, being the date of the filing of the petition of the railroad company in the condemnation proceedings in the county court, plaintiffs were in possession of that portion of the premises known as school land, as lessees from the state of Nebraska.

They further state that, "on or about the 6th day of June, 1886, these plaintiffs applied to have the aforesaid lands appraised for the purpose of sale, whereupon the same were appraised, as by law provided, plaintiffs' lease therefor surrendered, and the same purchased by the said William Frazier and James A. Frazier, and plaintiffs now are the equitable owners thereof."

The defendant railroad company, by answer, denied the title of plaintiffs to the land in question, alleging the legal title to be in the state of Nebraska, and claimed a compliance with the laws of the state of Nebraska with respect to the procedure necessary to obtain the right of way across land belonging to the state.

To these answers no replies were filed, and upon the issues thus made the cause was tried.

At the trial the defendant filed a motion to quash the regular panel of the petit jury for that term of court, so far as this case was concerned, for the reason that William Frazier, one of the plaintiffs in this case, was a county commissioner of Wayne county, and as such county commissioner had participated in the selection of the sixty names from whom the twenty-four members of the regular panel of the petit jury were selected.

This motion was supported by an affidavit, and duly authenticated transcript of the proceedings of the board of county commissioners with reference to the selection of said sixty names, the facts not being disputed. Which motion was overruled, to which ruling the railroad at the time excepted.

Thereupon a motion was filed by the railroad company for a change of venue, this motion being supported by affidavits, and affidavits being filed on the part of plaintiffs against said motion. This motion was overruled, to which ruling the railroad company duly excepted.

The jury returned a verdict in favor of plaintiffs, and against the railroad company, for $2,200.87, as follows:

"We assess the damages to which said plaintiffs are entitled by reason of the location, operation, and construction of said defendant's railroad over and across the following tracts of land: The S.W. $\frac{1}{4}$ and the S. $\frac{1}{2}$ of N.W. $\frac{1}{4}$ of Sec. 6, T. 26, R. 3, Wayne county, Nebraska, at the sum of $1,090.31.

"We assess the damages to which said plaintiffs are entitled by reason of the location, construction, and operation of the defendant's railroad over and across the following tracts of land, to-wit: The N.E. $\frac{1}{4}$ of Sec. 24, and the E. $\frac{1}{2}$ of Sec. 14, and N.E. $\frac{1}{4}$ of Sec. 23, all in T. 27, R. 1, in Wayne county, Nebraska, at the sum of $603.46.

"We assess the damages to which said plaintiffs are entitled by reason of the location, construction, and operation of defendant's railroad over and across the following tracts of land: E. $\frac{1}{2}$ of Sec. 15, S.E. $\frac{1}{4}$ of Sec. 10, and S.W. $\frac{1}{4}$ of Sec. 11, all in T. 27, R. 1, in Wayne county, Nebraska, at the sum of $507.10.

"E. J. SHERMAN,
"*Foreman.*"

A motion for a new trial was overruled, and judgment entered upon verdict in favor of plaintiffs and against the railway company for $2,200.87 and costs.

The first objection is, that the court erred in refusing to quash the panel of the petit jury. This is placed upon the ground that William Frazier, one of the plaintiffs below, was a county commissioner of Wayne county, and as such, with the other commissioners of that county, selected the sixty names from which the twenty-four jurors were drawn. There is no claim that there was any attempt at partiality in the selection of the sixty persons selected, nor is it alleged that even one of the persons so selected was favorable to the plaintiffs below.

Section 658 of the code requires the commissioners, or any two of them, at stated times to meet and select sixty persons, possessing the qualifications of electors, etc., and as nearly as may be a proportionate number from each precinct of the county. The name of each person thus selected is to be written on a separate ticket, and the whole number of tickets placed in a box, and the clerk of the district court and sheriff, or their deputies, are required to meet together and draw by lot out of the box twenty-four names, and the persons whose names are drawn are to be the petit jurors.

Section 665 provides that no person shall be summoned as a juror in any district court oftener than once in two years.

It will thus be seen that the county commissioners merely select sixty names, duly apportioned to the different precincts of the county, of electors who have not served as jurors for the two years preceding. They do not draw the jury, and with the right of challenge for cause and peremptory challenges of jurors, there is but little doubt that a fair jury can be obtained in every case. At least some prejudice should be shown to a party complaining, otherwise it will be error without prejudice. The proper course, however, where a member of a board of county commissioners has a cause pending, to be tried before a jury drawn from the names selected by such board, is to take no part

in the selection of such names, and have this fact appear upon the commissioners' record.

2d. That the court erred in overruling the motion for a change of venue. This motion was supported by a number of affidavits in favor of the railroad company, and by counter-affidavits in favor of the plaintiffs below. The affidavits on behalf of the railroad company tend to show that there is a considerable number of persons in Wayne county smarting under grievances, either real or imaginary, against the railway company. The affidavits on behalf of the plaintiffs below clearly show that there is a very considerable portion of the people of Wayne county that have no hostility to the railway company, such as would prevent the company from having a fair trial.

Section 61 of the code provides that, "In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or where the judge is interested, or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some adjoining county, wherein such impartial trial can be had; but if the objection be against all the counties of the district, then to the nearest county in the adjoining district."

The fact that a number of persons in any particular county have bias or prejudice against a party to a suit, will not justify a change of venue against the objections of the adverse party, if, notwithstanding such bias and prejudice of such persons, a fair and impartial trial can be had in that county. In civil cases it is rare that the people of a whole county become biased and prejudiced against a party to an action. The reason is, they ordinarily take but little interest in the controversy, hence have no feeling in the case. There is a marked difference in this respect between a civil and criminal case, particularly

where the offense charged is an atrocious one.    In the latter case, rumor, with her thousand tongues, spreads the news far and wide, and ordinarily with such coloring as to cause those who hear or read to form an impression, or perhaps to become biased or prejudiced.    But even then, unless the opinion is a fixed one, or formed from reading the evidence or hearing the witnesses testify, a person otherwise qualified will be a competent juror.    A plaintiff properly bringing an action in a county in which he resides is entitled to have the cause tried in such county, unless it is clear that a fair and impartial trial cannot be had therein. From the necessity of the case, the law, with certain exceptions, permits a railway company to select its route through the real estate of an individual.    This is done because the public good requires that the rights of the land owners shall be subservient to those of the public.    The protest of the individual would be ineffectual to prevent the taking of the property, but the law throws around him the safeguard of compensation for the damages sustained by him.    If the award of the commissioners is unsatisfactory to either party, then either may appeal to the district court. Such appeal, if possible, should be tried in the county where the land is situated.    The principal question ordinarily is the amount of damages sustained.    This question is to be determined from the testimony of experts, that is, persons familiar with the value of the land, and this may include farmers and others.    The observation of this court, from the cases which have been before us, is, that juries ordinarily do not adopt the highest or lowest estimates of witnesses, but seem to have endeavored to bring in just verdicts.    Nor did the jury in this case adopt the highest estimates of the witnesses.    The showing for a change of venue was entirely insufficient, and the motion was properly overruled.    The record fails to show the examination of the persons called as jurors on their *voir dire*.    Hence, we are to presume that such persons appeared to be fair minded and unbiased.

3d. It is claimed that the court erred in admitting evidence and instructing the jury on the theory that the plaintiffs were entitled to recover damages to the south half of the south-west quarter of sec. 6, township 26, range 3 east, which the plaintiffs below, by supplemental petition, show they had purchased and paid for in full prior to the 20th day of June, 1887.

In *Mo. P. R. R. Co. v. Hays*, 15 Neb., 224, it was held that the valuation for property taken for right of way for a railroad should be made as of the time of the filing of the petition, or the assessment of the damage to the land. In that case it was merely decided at what point of time the assessment should be made, the appraisement being made as soon as convenient after the filing of the petition. In condemnation proceedings the object is to acquire the right of way over the land from all parties having an interest therein. If two persons have an interest, then the rights of both must be respected, and their damages assessed. If, while the proceeding is pending, one of the parties acquires all the interest of the other party he may show that fact, and will then be entitled to all the compensation. The fact that one of the parties is the state can make no difference, as there is no claim that the railroad company has paid the state any part of the condemnation money, or is liable therefor. The objection, therefore, is not well taken.

The 4th objection is, that the court erred in admitting evidence of damages to other tracts contiguous to, but not embraced in, the lands covered by petition in the condemnation proceedings, and not covered by the award of the commissioners. There are three plats in the record showing the descriptions of land owned by the plaintiffs below. From one of these plats it appears that the railway runs for a considerable distance along a creek on the plaintiffs' land, and completely cuts off access to water for stock on a large portion of one of said bodies of land.

The rule is, that where a railway runs through an entire tract the land owner is entitled to all the damages which result to him from the taking. He is not limited to the lands described in the petition of the railway company, nor the award of the commissioners, but may show the facts and circumstances and direct effect upon his land accompanying or flowing from such appropriation. *Wilmes v. Minnesota & N. W. R. R. Co.*, 13 N. W. R.; 39. *Sheldon v. Minn. & St. L. Ry. Co.*, 13 Id., 134. *Ham v. Wis., I. & N. Ry. Co.*, 17 Id., 157. In other words, just compensation for real estate taken or damaged entitles the owner of several descriptions used as one farm or body of land to compensation for injury to the whole, although the right of way extends across but one or two of the subdivisions. There is no error, therefore, in admitting this evidence.

The fifth objection is, that the damages are excessive, and not warranted by the evidence.

In *Clarke v. C. K. & N. R. R. Co.*, 23 Neb., 616; and *Omaha Belt Ry. Co. v. Johnson*, 24 Neb., 707, it was held that the question of the amount of damages sustained by the land owner for a right of way condemned across his land is peculiarly of a local nature, proper to be determined by a jury of the county, and that ordinarily, where the verdict is based upon the testimony, this court will not vacate or modify it. That rule is applicable in this case, and we find no cause for vacating the verdict.

The sixth ground of error is, that the court erred in refusing to give to the jury instruction number one, asked by the plaintiff in error, which is as follows: "You are instructed that it is by law the duty of a railroad company to construct and maintain adequate crossings for all land owners across whose lands such road runs, and the question of the character of adequacy of such crossings cannot be considered by you in making your estimate of damages in this case."

The court, on its own motion, had previously instructed the jury that, " the statute requires railroad companies to provide suitable crossings at all public highways, suffi-cient to prevent stock from getting upon such railroad; and with open gates or bars at all farm crossings of such railroad, for the use of the proprietor of the land adjoin-ing such railroad, and the failure of the railroad company to provide such crossings is not a proper element of dam-ages in this case."

It will be seen that the court had given instructions on that point as favorable as the railway company was enti-tled to ask for.

Some objection is made to the proof of damages as made by the commissioners, and which was submitted to the jury. The exact purpose of the introduction of this evidence is not apparent, but the error, if any, would seem to be in favor of the railway company, and not against it.

Upon the whole case it is evident that the plaintiffs below sustained heavy damages, from the location of the railway across their land, and that the verdict of the jury is not excessive. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.