JACOB MOHLER, APPELLANT, v. BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, APPELLEE.

FILED DECEMBER 15, 1917. No. 19726.

1. **Eminent Domain:** MEASURE OF DAMAGES. The provisions of sections 7118, 7120, Rev. St. 1913, relating to condemnation proceedings for the purpose of extending the campus of the state university construed, and *held* that the provisions thereof are declaratory and the measure of damages heretofore applied in this state prevails and that loss of time and the cost of removal are not elements of damage.

2. ———: APPEAL: CONFLICTING EVIDENCE. There being a substantial conflict in the testimony with respect to the value of the property, the verdict of the jury will not be disturbed.

3. **Appeal:** ADMISSION OF EVIDENCE: HARMLESS ERROR. A judgment will not be reversed for error in the admission of testimony unless it is apparent that the substantial interests of the party complaining have been injuriously affected.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*J. A. Brown* and *George W. Berge,* for appellant.

*F. M. Hall, H. W. Baird* and *Fred C. Foster, contra.*

LETTON, J.

This is an appeal in certain condemnation proceedings. The property involved is a portion 50 by 50 feet of a city lot in Lincoln on which is situated a one-story seven-room cottage, modern except heat. The appraisers valued the property at $2,200. On appeal to the district court the jury found the value to be $2,250. The owner of the property being dissatisfied with the verdict has brought the case here for review. The court instructed the jury that the sole question it should determine was the value of the property at the time and place of its condemnation, saying further: "This would be the market value of the property at the time, what the appellant Jacob Mohler could have obtained for it in money on the market under conditions where it would be a voluntary sale on his part and a voluntary purchase on the part of the purchaser. The mere fact that it was his home at the time and that he would have to suffer the inconveniences of moving would in law make no difference."

Several assignments of error are made. The point is urged that the court erred in limiting recovery to the cash value of the property taken. The statute provides that the duty of the appraisers "shall be to carefully inspect and view the lands and hear all parties interested therein with reference to the amount of damages and the value of the lands, when they are so inspecting and reviewing the same, and for that purpose the appraisers shall give the parties interested reasonable notice of their proposed inspection and view of the lands, and thereafter they shall assess the value of such lands and the damages which the owners thereof shall sustain by the appropriation of such lands, and make report in writing to the district court of the county." Rev. St. 1913, sec. 7118. Section 7120, Rev. St. 1913, provides as to appeals: "Thereupon the appeal shall be set down for hearing at the next term of court, and shall be heard and determined in like manner

as appeals from awards in condemnations for railroad right of way.''

Plaintiff insists that under the statute he was entitled to prove that he lost time from his employment as a railroad engineer, and that he had been compelled to procure another house and move his household goods, all to his damage in the sum of $250. The measure of recovery where property has been taken for a railroad right of way is the value of the land taken, and damages to the remainder of the tract not actually appropriated. This rule must have been in the mind of the legislature when this statute was enacted. It is merely declaratory of the former law. There is nothing in the text to indicate that it was the intention of the legislature to introduce a new element of damage.

It is complained that the damages are inadequate. The evidence is conflicting as to value, and the rule must be applied that where there is a substantial conflict in the testimony the verdict of a jury will not ordinarily be disturbed. The estimates of the value of the property run from $1,800 to $3,500, and on the rental value from $12.50 to $25 a month, but it would seem that the witnesses best qualified to know the actual value made the lower estimates. The undisputed evidence shows that the property faced upon an unpaved portion of the street; that the street was obstructed several blocks north by a railroad yard; that the growth of the city is mainly to the northeast and southeast and that property in the locality has been much decreased in value for more than ten years by reason of the movement of population in these directions. Some real estate dealers testified that it has been difficult to find buyers for property in this vicinity for a long time; that a large proportion of it has been for sale; and that before the campus extension agitation sales were made in this locality at a lower price proportionately than the value fixed by the appraisers.

It is urged that the court erred in permitting the witness Stephenson to relate incompetent and irrele-

vant evidence to the jury in an argumentative form. The first portion of his testimony of this nature might properly have been excluded, but no objection was made to its reception and no motion was made to. strike the same. Later, objections were made which we think should have been sustained, but in view of all the evidence we are of opinion that the testimony did not influence the jury prejudicially to plaintiff. The judgment of the district court is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.