STATE OF NEBRASKA, APPELLANT, V. BURRET W. WRIGHT, APPELLEE.

STATE OF NEBRASKA, APPELLANT, V. WALTER A. HUNTER, APPELLEE.

FILED FEBRUARY 2, 1921. No. 21228.

1. **Eminent Domain:** EVIDENCE OF VALUE. In a condemnation proceeding, evidence as to the price paid by the state for lots purchased from other property owners, and which form a part of the tract openly intended to be acquired by condemnation in case purchases could not be made, is not competent on the question of the value of the lots of the defendant.

2. ———: ———. Recitals of consideration in deeds covering lots not in controversy are incompetent as evidence of the actual price paid for those lots, though our statute requires the parties to such deeds, under penalty, to set forth the true consideration.

3. **Evidence** examined, and *held* to support the verdict.

APPEAL from the district court for Wayne county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*H. E. Simon,* for appellant.

*A. R. Davis, contra.*

FLANSBURG, J.

Condemnation proceedings brought to acquire additional ground for the state normal at Wayne, Nebraska. The

properties of one Burret W. Wright and Walter A. Hunter were taken under condemnation. The two proceedings were tried together on the appeal in the district court and are presented here, on the appeal of the state, as consolidated cases.

The property condemned consisted of town lots. The appraisers fixed the value of defendant Wright's property at $850, and the value of Hunter's property at $2,150. The verdict of the jury on the appeal in the district court, in the Wright case, was $2,000, and, in the Hunter case, $4,200. The court ordered a remittitur of $200 in the Hunter case, which order has been complied with.

One contention made in behalf of the state is that the evidence is insufficient to support the verdict. In regard to the Wright property, four witnesses testified on the question of value. The average of the estimates of value of these four witnesses was $2,525. Five witnesses testified in regard to the Hunter property, and the average of their estimates of value was $4,267. The state's witnesses, as to the Wright property, placed the value at varying amounts from $700 to $1,200, and, as to the Hunter property, from $1,000 to $2,500. The worth of the opinions of these various witnesses was passed upon by the jury. The question of the value of this property is peculiarly of local nature. Though the testimony is conflicting, the verdict is amply supported by competent testimony in behalf of the defendants, and, since we cannot say that the verdict is against the great weight of the evidence, nor manifestly wrong, we would not be warranted in disturbing it. *Mohler v. Board of Regents of University of Nebraska*, 102 Neb. 12; *Grimm v. Elkhorn Valley Drainage District*, 98 Neb. 260; *Northeastern N. R. Co. v. Frazier*, 25 Neb. 42; *Omaha B. R. Co. v. Johnson*, 24 Neb. 707; *Clark v. Chicago, K. & N. R. Co.*, 23 Neb. 613.

It is further insisted that the trial court erred in refusing to allow the state to introduce in evidence certain deeds of property, made to the state, covering lots similarly situated and of like character to those in question, and

which the state had recently bought from property owners as a part of the tract sought to be acquired. In a proceeding of this kind, where the parties to the deeds are not the same as those involved in the pending proceeding, and where the statement of consideration cannot therefore be considered·in the nature of an admission or declaration of a party, which, under certain circumstances, might be admissible, we cannot see how the recitals of considerations in these deeds would have been of any probative force upon the question of what the actual considerations were.

The statute (Laws 1917, ch. 224), it is true, requires, under penalty, that the parties to a deed set out the true consideration in the body of the deed, but the statute does not say that such statements, of the consideration paid, shall be considered as evidence in all cases. By virtue of this statute, such a statement has become no more a sworn statement than before. The right of cross-examination has not been preserved, and such expressions, as we view it, are nothing more than unsworn statements by third persons and of no evidential value. *City of New Orleans v. Manfre,* 111 La. 927; *Rose v. Taunton,* 119 Mass. 99; *Spaulding v. Knight,* 116 Mass. 148; *Esch v. Chicago, M. & St. P. R. Co.,* 72 Wis. 229; Abbott, Proof of Facts (3d. ed.) p. 876.

It would have been, in our opinion, improper, in any event, to show the sale price of other lots, which the state had then acquired by purchase, and which were a part of the tract which the state was openly intending to condemn in case purchases could not be made.

Upon the general proposition of whether or not sales of similar land may be shown as evidence of the value of the particular land in controversy, the courts are not in accord. 16 Cyc. 1138. Our court has, however, become committed to the doctrine that such sales cannot be shown. *Union P. R. Co. v. Stanwood,* 71 Neb. 158. Proof of sales of other lands would give to the prices paid the effect of evidence, when there would be no opportunity for cross-examination of the parties to the deeds to show whether

or not the prices paid were inadequate or excessive, nor to show all the particular conditions under which the sales were made, and, as said in the case of *Union P. R. Co. v. Stanwood, supra,* were proof of other sales allowed, "the cause would soon branch into a series of disconnected controversies as to the facts and surrounding circumstances of an indefinite number of particular sales of other tracts."

Moreover, it is the universal rule that sales of similar lands cannot be shown where such sales have not been entirely voluntary. Sales made to the state as a part of a tract, which is sought to be acquired by condemnation in case purchases cannot be made, are not considered of such a voluntary character as will truly reflect the reasonable or market value of the land sold and, therefore, cannot, upon any theory, be shown in evidence as having a bearing upon the value of the land under condemnation. *Oregon R. & N. Co. v. Eastlack,* 54 Or. 196; *United States v. Beaty,* 198 Fed. 284; *Spring Valley Water Works, v. Drinkhouse,* 92 Cal. 528; *City of San Luis Obispo v. Brizzolara,* 100 Cal. 434; *South Park Commissioners v. Ayer,* 237 Ill. 211; *State v. Superior Court,* 55 Wash. 64; *Coate v. Memphis R. T. Co.,* 120 Tenn. 525; note, 43 L. R. A. n. s. 985. Individual sales throw no light on market values if in any sense compulsory, or when the vendor is not given opportunity to indefinitely hold his property and invite competition among all who should desire to become purchasers.

Mr. Lewis, in his treatise on Eminent Domain (3d ed.) sec. 667, says: "What the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such a price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the

risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property. For these reasons such sales would not seem to be competent evidence of value in any case, whether in a proceeding by the same condemning party or otherwise."

We find no ground for reversal, and the judgment is

AFFIRMED.

LETTON, J., not being a member of the division hearing this case, did not participate.