GEORGE F. RUSHART, APPELLEE, v. DEPARTMENT OF ROADS AND IRRIGATION OF THE STATE OF NEBRASKA, APPELLANT.

5 N. W. (2d) 884

FILED OCTOBER 16, 1942. No. 31415.

*Walter R. Johnson,* Attorney General, *Herbert T. White* and *Guy E. Tate,* for appellant.

*Ritchie, Swenson & Welpton, Joseph E. Strawn* and *James F. Begley, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-MORE and YEAGER, JJ.

MESSMORE, J.

The state of Nebraska, through its department of roads and irrigation, brought an action in the county court of Sarpy county June 11, 1941, to condemn certain real estate belonging to appellees, for the purpose of constructing a state highway running between Omaha, Nebraska, and Fort Crook.

The sole issue involved in the district court, to which an appeal was taken, was the value of the property. The Rushart, Muchowicz and Stastney properties were involved. The Rushart property consisted of 4.898 acres, and the appraisers fixed its value at $3,578.60. A jury in the district court fixed the value of such property at $4,000, and the interest subsequently added made the award $4,111.22. The appraisers fixed the value of the Muchowicz property, consisting of 1.271 acres, at $900; the jury at $1,200, and interest subsequently added made a total award of $1,243.65. The value of the Stastney property, consisting of .093 of an acre, was fixed by the appraisers at $200, by the jury at $475, and with interest added made a total of $488.18. From such judgment on the verdict the department of roads and irrigation appeals to this court.

One assignment of error is determinative of this case. The department contends that the court erred in permitting cross-examination of appellant's witnesses to bring out, over appellant's objection, the price paid by the department for other property in the same neighborhood. This objection was developed in the cross-examination of the witness Jasper L. Hall as follows: "Q. Do you know of any sales of real estate in that locality along in the spring of 1941? A. Not in the spring, but in the summer. Q. Did you know of the sale of the John Tangeman property which is just south of the George Rushart property? A. No. I don't. Q. Did

you know that that property sold for Ten Thousand Dollars?" Counsel for the department objected as not proper cross-examination, as incompetent, irrelevant and immaterial. "The Court: If it is true." Counsel for appellees: "'Well, it is not untrue." Department's counsel: "It is not proper cross-examination. We didn't go into the price. The Court: It is to show whether he is familiar with the sale and value of land. A. No, I didn't. * * * Q. Do you know this Peter Vana property which was across the road here from the George Rushart property? A. Well, I know the property, yes. Q. And that which contained 1.783 acres, did you know that sold for Six Thousand Dollars? A. No, I didn't." Department's counsel objected as not proper cross-examination, incompetent, irrelevant and immaterial. The court overruled the objection. "A. No, I did not, * * * but that property has improvements on it, has it not? Q. I asked you if you knew what it sold for? A. No, I did not. * * * Q. Do you know where the Frank Harper property is situated? A. No. Q. Did you know of a sale by Frank Harper of 44/100ths of an acre in Tax Lot 90 C, 1 B, in the southwest quarter of Section 23-14-13, for Twenty-one Hundred Dollars? A. No." Objected to as not proper cross-examination, incompetent and immaterial. Overruled. "Q. Did you know the Victor Peterson property just south of the Tangeman property, and cornering onto the George Rushart property, to the southeast? A. Is that that filling station? Q. Yes. A. Yes, I know that. Q. Did you know that 16/100ths of an acre was taken in front of that property and payment made of Thirty-five Hundred Dollars for that?" Objected to as not proper cross-examination, incompetent, irrelevant and immaterial. Overruled. "A. No, I did not. Q. Did you know the M. P. Peterson property to the south of the Victor Peterson property and that certain portions were taken in the front, 25/100ths of an acre, and Thirty-five Hundred Dollars paid for that? A. I knew that the ground was taken. Q. Did you know Thirty-five Hundred Dollars was paid for that? A. No." Department's counsel moved to strike the answer as not proper cross-examination. Overruled.

On cross-examination of the witness, M. P. Peterson, he was asked: "Your brother or your son owns the property kittycornered from Rushart's?" to which he answered, "Yes." "Q. You knew did you not that your son sold off the front part of his property for the extension of the highway? A. Yes, I know that. Q. And you knew that he sold 16/100ths of an acre for $3,500? A. I don't know the acreage. * * * Q. And you also knew that it sold for $3,500, didn't you? A. Yes, I presume that is it. * * * Q. Isn't it a fact that you sold 25/100ths of an acre for $3,500, to the state?" Objected to as not proper cross-examination. Overruled. "A. I sold—I don't know the acres, but I sold that land to the state but I don't recall the acreage. * * * Q. Mr. Peterson, you knew of the John Tangeman property, didn't you? A. Yes. Q. You knew that that property was due south of the Rushart property on the same road? A. Yes. Q. And was comprised of one and 27/1000ths of an acre and was sold for Ten Thousand Dollars with the privilege of Mr. Tangeman to remove his improvements? A. Yes, I heard that. Q. You knew that?" Objected to as not proper examination. Overruled. "A. I heard that. * * * Q. Don't you know that that Hale property was sold to the state last spring, comprising 985/1000ths acres? That Hale property lies exactly south of the Tangeman property, does it not? A. Yes. Q. And just 269½ feet south of the Rushart property, is that correct, as shown here on this map? A. I can't dispute your word because I don't know exactly, but it isn't very far. Q. And it is on the same side of the road as the Rushart property? A. What was the acres there? Q. This shows here on the map as 985/1000ths of an acre; not quite an acre. Did that property run back to the railroad? A. Yes. * * * Q. You know of the front part of that property being sold? A. All of it. Q. Do you know that that was sold for Eighty-five Hundred Dollars?" Objected to as not proper cross-examination. Overruled. "A. Yes. Q. Do you know that the two houses on it were sold to you for Seven Hundred Fifty Dollars, weren't they?" Objected to as not proper cross-examination. Overruled. "A. Yes."

The contention of the department is that prejudicial error was committed by the trial court in permitting the jury to receive information as to amounts paid by the department of roads and irrigation for other property than that in question by condemnation or purchase. The appellees contend that all of the property concerning which the court permitted appellees' counsel to question appellant's witnesses were in the immediate vicinity of the condemned properties; that the questions were asked merely for the purpose of testing the credibility of the witnesses, and that appellees' counsel intended to state in the argument that such matter is evidence only to test the credibility of the witnesses and not as to the value of the real estate in question. During the argument before the jury, appellees' counsel stated: "I stated to the jury and am stating now and ask the court to make it clear to the jury, that that is not evidence as to the value of this land, but it goes, however, to the credibility of the witness." Appellees' counsel asked the court to instruct on this phase of the testimony, and the court asked if counsel would tender an instruction, to which appellees' counsel replied: "We will. Not only that, but we will argue that to the jury, which we intend to do."

Instruction No. 16, given by the court, is as follows:

"You are instructed that the evidence brought out on cross-examination of Mr. Peterson with respect to the sales of other real estate in the immediate neighborhood is not to be considered by the jury as evidence of the value of any of the real estate or the damages to any of the landowners claiming damages in this proceeding. The only purpose for which such evidence was admissible is to test the credibility of the witnesses.

"The jury is also instructed that with respect to the questions asked of Mr. Hall," etc. The instruction then details the same subject-matter and reason for the admissibility of the evidence.

This court in *State v. Wright,* 105 Neb. 617, 181 N. W. 539, held: "In a condemnation proceeding, evidence as to the price paid by the state for lots purchased from other

property owners, and which form a part of the tract openly intended to be acquired by condemnation in case purchases could not be made, is not competent on the question of the value of the lots of the defendant." Following the view that such evidence is not admissible, see annotation, 118 A. L. R. 905 *et seq.*

Some of the courts permit the introduction of sales of other lands in the vicinity of the land in question to show the knowledge of a given witness and his competence to speak as an expert upon the value of such land. Other courts permit evidence as to the general selling price of land in the vicinity, as considered with evidence as to particular sales of such land. This court follows the rule that, where the value of real estate is in issue, evidence of particular sales of other land may not be introduced as independent proof of the question of value. This is reflected by dictum in the case of *Chicago, R. I. & P. R. Co. v. Griffith*, 44 Neb. 690, 62 N. W. 868, and *Union P. R. Co. v. Stanwood,* also by dictum, 71 Neb. 150, 91 N. W. 191; on rehearing 71 Neb. 158, 98 N. W. 656. The holding in the case of *State v. Wright, supra,* is the first direct pronouncement of the rule in this state.

The appellees do not question the fact that in Nebraska it is definitely held that evidence of sale price of real estate in the immediate vicinity is not competent as substantive evidence to prove the value of property in condemnation proceedings. Appellees refer to the rule in Iowa and Kansas, where, on cross-examination, witnesses were permitted to testify as to values of other lands in the immediate vicinity of the land taken, such testimony being strictly limited to test the credibility of such witnesses. However, counsel in such cases did not designate the values of such land to the witnesses, about which they were testifying.

In *Watkins v. Wabash R. Co.*, 113 N. W. 924 (137 Ia. 441), it was held: "While a witness in a suit for the value of land taken by condemnation may be asked the selling price of a single piece of land similarly situated when necessary to test his knowledge and competence as an expert,

such testimony is not admissible as substantive evidence of the value of the property in controversy." The above holding was followed in *Maxwell v. Iowa State Highway Commission,* 223 Ia. 159, 271 N. W. 883.

The record in the instant case is void of evidence that any of the properties, upon which testimony of the sale price thereof was received, were even similar in improvements and character to the property here under consideration. The Nebraska rule has not gone to the extent as appears in the Iowa and Kansas cases.

In the instant case, the values of other lands, on cross-examination of the witnesses, were definitely stated by counsel, without the witnesses testifying to such values. The amounts were stated, and this brought before the jury the definite prices as to other parcels of land, and the argument of counsel as to the use of this evidence and the instruction with reference thereto did not cure the fact that the jury had the full benefit of the knowldege of prices paid for other lands in the immediate vicinity. They could very well believe that, if such prices were paid for other lands, then, obviously, the landowners were entitled to the same amount or more. We conclude that the rule in Nebraska does not permit the reception of such testimony in this state under circumstances at least as manifested by this record.

We therefore hold that, under the circumstances here existent, the admissibility of such testimony, over proper objection, on cross-examination, constituted prejudicial error, and that the cause should be remanded for retrial, and the jury presented with proper evidence with reference to the value of the lands involved.

REVERSED.