ISABELLA SCHMIDT ET AL., APPELLEES, V. SALINE COUNTY, APPELLANT.

FILED NOVEMBER 24, 1931. No. 27928.

*John E. Mekota* and *Thomas J. Dredla,* for appellant.

*F. L. Bollen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This appeal involves the assessed valuation for taxation of certain lands in Saline county. Plaintiffs, who are the owners of 18 tracts of land situate in school district No. 68, in Saline county, complained to the board of equalization that their lands were assessed 20 to 25 per cent. higher than other lands of the same value, and higher than the lands, of like value, generally in the county and state. The board of equalization denied relief. Plaintiffs appealed to the district court, and that court reduced the assessment of plaintiffs' lands to the extent of 15 per cent. The county of Saline has appealed.

Upon a careful examination of the entire record, it clearly appears that plaintiffs' lands are not assessed for more than their actual value. It further appears that the lands in Saline county and in the state generally are assessed at not more than 70 per cent. of their actual value, and that the lands of plaintiffs are assessed at a greater proportion of their actual value than other lands in Saline county and in the state.

It was formerly the rule in this court that one could not complain that his lands were assessed too high, unless assessed at more than their actual value, and that he could not have his assessment reduced because other lands generally were assessed at less than their actual value. It was held that his only relief was to complain of the properties that were assessed too low. *Lincoln Telephone & Telegraph Co. v. Johnson County*, 102 Neb. 254; *Sioux City Bridge Co. v. Dakota County*, 105 Neb. 843. The latter case was taken to the United States supreme court on writ of certiorari and the judgment of this court there reviewed, wherein the holdings of this court were reversed (*Sioux City Bridge Co. v. Dakota County*, 260 U. S. 441, 67 L. Ed. 340), following which this court overruled its former decisions and now holds that one whose property is assessed at less than its actual value may complain if it is assessed at a higher proportion of its actual value than other property in the state. *Sioux City Bridge Co. v. Dakota County*, 110 Neb. 597.

The principal controversy here is with reference to the cause which affects the value of plaintiffs' lands. It appears that for many years school district No. 68, in Saline county, has levied a tax, for school purposes, running from 14 to 17 mills annually on the dollar of assessed valuation, and that a like levy will be necessary and will continue in said district for years to come. It also appears that the tax levy for school purposes on lands of the same character and quality, situate outside of and adjacent to the district, is from 4 to 5 mills on the dollar of assessed valuation. This has resulted in imposing a tax on an average quarter section of land within district No. 68, for several years last past, of about $350 per annum, while on a quarter section of land of the same quality and character, lying adjacent to but outside the district, the tax is about $175 per annum. This situation has caused a decrease in the actual value of the lands within the district, for sale and loan purposes, of 20 to 25 per cent.

It is earnestly and strenuously contended by the defend-

ant county that the question of school taxes cannot be taken into consideration in fixing the value of the lands; that the value of lands within the district, of the same quality and character as those immediately without and adjacent thereto, should be assessed on the same basis. We cannot agree with this contention.

Section 1, art. VIII of the state Constitution, is in part as follows: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the legislature may direct; but taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises." } It will thus be seen  that taxes must be uniformly and proportionately levied upon property on the basis of valuation.

Section 77-201, Comp. St. 1929, provides: "All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. 'Actual value,' as used in this act, shall mean its value in the market in the ordinary course of trade." Pursuant to this statute, all tangible property should be assessed at its actual value for purposes of taxation, but, if tangible property is generally assessed at less than its actual value, then all of it should be assessed at the same proportion of its actual value.

In 26 R. C. L. 365, sec. 322, it is said: "By fair market value is meant the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it, taking into consideration all uses to which the property is adapted and might in reason be applied."

It is urged by defendant county that the value of the land should be determined by the fact that the land within the district will produce as much in crops as land of the same character without the district. This, however, calls for the application of the gross income principle in determining the value. The better rule and the one generally recognized is: "If the property is devoted to the use for which it was designed, and is in a condition to produce

its maximum income, one very important element for ascertaining its present value is the net profits derived therefrom." 26 R. C. L. 367, sec. 324. See, also, note to. *Wells Fargo & Co. v. Johnson,* L. R. A. 1916C, 529, 532; 3 Cooley, Taxation (4th ed.) 2308, sec. 1146.

In *Railroad & Telephone Cos. v. Board of Equalizers,* 85 Fed. 302, it was held, in effect, that, under a constitutional provision requiring that all property shall be taxed according to its value, the earnings of railroad and telephone companies may be considered in determining the value of the property for purposes of taxation, but earnings of such companies furnished a safe basis on which to estimate values only when net earnings are considered. Gross receipts do not constitute a proper basis for determining the value of such companies.

The same principle is applicable to real estate prudently used for the purpose to which it is best suited and adapted. The lands in question are agricultural and are used for that purpose. The net income which they will produce to the owner is a factor in determining their actual or market value. The fact that a tract of land is subjected to an annual burden of $350 for taxation, while another tract, of like character and quality, lying adjacent thereto, is subjected to an annual burden of but $175 for taxation, has a tendency to, and no doubt does, affect the respective market or actual value of the two tracts. The one having the greater burden produces the smaller net income and, naturally, would be of less market value. Since taxes must be levied according to actual value, the taxing authorities are only concerned in determining what the actual value is, regardless of the causes which produce it, and to see that taxes are levied proportionately, according to the actual value, on all property.

The record justifies the reduction made by the district court in the assessment of plaintiffs' lands, and the judgment is

AFFIRMED.

EBERLY, DAY, and PAINE, JJ., dissent.

PAINE, J., dissenting.

I desire to state the reason for my dissent from the opinion of the majority of this court.

The appellees are the owners of 18 parcels of farm land within the school district of Friend, Nebraska, also known as school district No. 68. The school levy in this district during the past few years, of 14 to 15 mills, required to pay for the excellent schools in that school district, is very much higher than the 4 or 5 mills levied upon adjoining farm land by rural school districts. It is contended that the owners of this farm property derive no benefit from the superior school advantages afforded in this school district. Yet, a school district has the right to fix the levy of taxes for school purposes upon all the property within its boundaries. And it may be granted that for such taxes it may render little or no return to the owners of this rural property, upon the same principle that every citizen is required to pay school taxes upon his property to the same extent, whether he has children attending school or not. 26 R. C. L. 38, sec. 23.

The assessing authorities are required to make valuation once in four years of all real estate as of April 1 (Comp. St. 1929, sec. 77-1601) and such authorities can have no information at that time of the amount of tax which will later be levied for a particular school district. It will be supposed that the taxes of the previous year have all been paid prior to the first Monday in June, when the county board meets as a board of equalization to equalize valuations as of April 1 preceding. The relief demanded by the appellees, i.e., that the valuation upon their farms be reduced 20 to 25 per cent. because of their school taxes, in effect asks the county board of equalization to reduce the valuation of their lands as of the date of April 1 because of the fact that the necessary school taxes of district No. 68, which are certified to the county clerk on or before the first Monday in July (Comp. St. 1929, sec. 77-1803) will show that a levy of 14 to 15 mills will be required for that year, and no one can know what the school levy may be for the following three years of the valuation period.

Upon a hearing before the county board of equalization, the appellees were refused relief upon July 14, 1930, and the valuation of their farm lands was not reduced because it happened to be located in the school district of the city of Friend and thus subjected to high taxes for school purposes.

It may be presumed the appellees demand this relief upon the theory that such school district taxes constitute, in effect, an incumbrance which diminishes the actual sale value of their lands, yet the law has been definite that no owner is allowed to deduct any incumbrance from the value of his real property except such as may be allowed by statute, and by special enactment, section 77-1502, Comp. St. 1929, it is provided that the value of outstanding real estate mortgages shall be deducted and paid by the mortgagee, but I can find no mention in the statute of allowing a deduction because the school taxes in a certain district are continuously higher than in an adjoining district.

If the school tax burden upon real estate in this district is so heavy as to decrease its sale value, can this not be easily remedied by having the officers of this district adopt more economical plans for the administration and conduct of their public schools, rather than to reduce the valuation of this farm land 15 per cent., thus cutting down the state and county taxes paid thereon? If farm property lying within this school district is to have its valuation reduced, why should not town property similarly affected be likewise reduced? Is this to be a precedent for reducing values in all highly taxed school districts in this state?

The Constitution, art. VIII, sec. 1, says that state taxes shall be levied by valuation uniformly and proportionately upon all tangible property. Does this opinion not violate this provision as to farm lands within and without this district, and release the farm land within the district from paying its proportionate share of state taxes by this reduction of 15 per cent. of its valuation?

A case not directly in point, but bearing thereon, is *Donovan v. City of Haverhill*, 247 Mass. 69, in which it

was held that the fact that long-term leases carry rent which reduce the market value of the property below what it would be in their absence does not prevent the assessment of the property for taxation at its full value, as compared with other property in the neighborhood, or what it would be if free from the leases.

In the opinion of Chief Justice Taft in *Sioux City Bridge Co. v. Dakota County,* 260 U. S. 441, 28 A. L. R. 979, he says, toward the close of the opinion, that there must be something which, in effect, amounts to an intentional violation of the essential principles of practical uniformity. If the farm property in this district is fairly and uniformly taxed, the mere fact that adjoining farm property lies in rural districts which do not care to maintain expensive schools does not violate Judge Taft's pronouncement.

In the recent decision of this court in *Meridian Highway Bridge Co. v. Cedar County,* 117 Neb. 214, this court, speaking through Chief Justice Goss, said: "We are loath to interfere with the sound discretion reposed in boards of equalization to value real property at its actual value. Where the action of such a board does not appear to have been exercised arbitrarily nor to have omitted to take into consideration the proper and necessary elements to be considered in fixing the value, its action ought not to be disturbed. Here the valuation might have been rather high for the particular year, and yet we do not feel disposed to find, on what evidence was submitted to us, that it was. We think the proper rule is that the sound discretion reposed in the board of equalization to hear complaints and determine on the valuation of property will not be disturbed by this court, unless so manifestly wrong that reasonable minds cannot differ thereon."

It is suggested that the county board of equalization of Saline county gave every phase of this question the most careful consideration, and that its action in this matter should not be disturbed.