WILLIAM J. SLOAN ET AL., APPELLANTS, V. FILLMORE COUNTY, APPELLEE.

FILED MARCH 30, 1934. No. 28826.

*Waring & Waring*, for appellants.

*J. W. Hammond, Thomas J. Keenan* and *Grady Corbitt*, contra.

Heard before ROSE, GOOD, EBERLY and PAINE, JJ., and MEYER, District Judge.

PAINE, J.

William J. Sloan and 15 other owners of farm lands used only for agricultural purposes, which were included within school district No. 75, embracing the city of Geneva, which has a population of 1,800, filed before the board of equalization of Fillmore county, upon June 16, 1932, their complaints in writing, alleging that their farm lands were assessed for the purposes of taxation at an excessive valuation, and upon June 24, 1932, the said board of equalization found against the petitioners; from which an appeal was taken to the district court, which refused to grant the plaintiffs and appellants any relief, and dismissed their petition.

Plaintiffs allege that the question is of general interest to all of the farm owners in said school district, and that the petition is filed on behalf of the 16 plaintiffs and all other farm owners in said school district similarly situated. It is further alleged that a rate of taxation has been for many years, and in all reasonable probability will continue to be, required and levied, which will produce annually a tax on said land within said school district materially higher than that on other contiguous and near-by lands which are outside of said district, but are substantially like the lands of petitioners in all other respects and elements of value. Paragraph 8 of said petition reads as follows: "That since the lands of the petitioners were last valued for taxation purposes, the supreme court of Nebraska, in the case of *Schmidt v. Saline County*, 122 Neb. 56, has held that the tax condition now existing on farm lands in city and village school districts should be considered by the board of equalization in fixing the values thereof, and that the net income derivable from real estate, prudently used for the purpose for which it is best adapted, is a proper factor to consider in determining its actual value; that under this rule the valuations now on petitioners' lands should be reduced to the extent of the difference of the tax burden between petitioners' lands and contiguous and near-by lands not within said school district;" and the petitioners pray that the trial court will reduce the valuations of petitioners' lands, and all other lands within said school district, 25 per cent., or such other per cent. as will bring the valuations into uniformity with the valuations of other lands in said school district.

In the answer filed by the defendant, Fillmore county, after making a specific denial of the allegations of the petition, it is alleged that the mill levy of school district No. 75 has been drastically lowered in the last few years, and in all probability the same will be further lowered and materially reduced in years to come; that said district has no bonded indebtedness, contemplates no new or

added improvements; that the present mill levy of school district No. 75 is only 10 mills, and that said levy is not confiscatory nor unreasonable, and does not tend to lower the selling price of land in said school district when due consideration is given to the benefits of owners or residents of the land located in said district; that all of the land in said district, including that of the petitioners, was assessed at its actual value as defined by the statutes of Nebraska, and that the same was fixed at a uniform and fair basis, and denies that this case is governed by the case of *Schmidt v. Saline County,* 122 Neb. 56, and alleges that the situation and facts are entirely different from the Saline county case.

Plaintiffs in their brief state that the appellants were called to the stand, one after another, and testified that their lands were agricultural lands, and compared their lands with lands immediately outside of school district No. 75, and testified that, by reason of the school taxes in said district, the fair and reasonable value of their property was reduced from 15 to 30 per cent., and no serious attempt was made to dispute this proposition. Tabulations of farm lands in and outside of school district No. 75 were made, and from these many tracts of land it was shown that the average tax per acre of farm lands in school district No. 75 was $1.31; that the average tax of similar agricultural lands outside of school district No. 75 in said county was 64 cents an acre; that the average assessed valuation of petitioners' lands in school district No. 75 was $82.33 an acre; that the average assessed valuation of farm lands outside of school district No. 75 was $76.16 an acre; that the average quarter-section of farm land within school district No. 75 is $209.60, and the average quarter-section of land outside of school district No. 75 pays the taxes of $102.40.

At the conclusion of the evidence the court found that the assessments complained of should not be reduced, and dismissed the complaint at the cost of petitioners.

It is stated by counsel for petitioners that, because of

the opinion in *Schmidt v. Saline County*, 122 Neb. 56, they advised their clients that they could get relief from their high taxes, and that the two cases are absolutely analogous, and no other opinion is cited as authority in the brief.

On the other hand, it is claimed in the brief of the appellee, Fillmore county, that the Geneva school district No. 75 had only a levy of 10 mills in 1932, while the Friend school district had 17 mills, and that school district No. 75 of Geneva has no bonded indebtedness, no registered warrants, and had on hand at the time of the trial over $20,000 in cash, and that no improvements were contemplated; that the highest tax paid on a quarter by any of the appellants is $214.56, while in the *Saline County* case a tax of $350 was paid on a single quarter; that the average tax per acre in the Geneva district is $1.30 an acre, while it was shown in the *Saline County* case that it was $2.19 an acre, and that, when it is remembered that the appellants' lands are in a modern, 12-grade high school district, the difference is not so great as to require courts to grant a reduction. The contention of Fillmore county is that the evidence in this case falls far short of showing anything like the same conditions that were shown in the *Saline County* case. It is insisted that the evidence shows that the Geneva school is efficiently and economically managed, and has, for its enrollment, standing, and number of pupils, one of the lowest mill levies in the state of Nebraska, and that the holding in the *Saline County* case does not make it mandatory upon courts to reduce the valuation of lands when they are slightly higher than lands in an adjoining school district.

The record in the case at bar does not show, as the *Schmidt v. Saline County* record did, that the board of equalization failed to consider the school levy as one of the elements in fixing the assessed valuation of appellants' land.

This case is founded upon the assessed values of these farm lands for the single year 1932, and complaints were filed before the board of equalization upon June 16, 1932, and hearing was had thereon upon June 24, 1932, and the claim of the appellants was rejected. The evidence being confined to the one year, 1932, there was no evidence showing a reduction in value over a period of years.

Section 77-1503, Comp. St. 1929, provides: "The total assessed value of any real property * * * shall not be changed except when all the real property of the county is assessed, unless its value is changed by reason of altered conditions." Section 77-1601, Comp. St. 1929, provided that all real property should be assessed in 1926 and each four years thereafter. Therefore, the year 1930 was the year when all the assessed values could be changed by law. 1932 was not the proper year to seek to change the assessed valuation upon these 16 farms, and the board of equalization, finding no altered conditions which required relief in 1932, properly refused to grant any relief that year. While section 77-1601, Comp. St. 1929, was amended in 1933 (Laws 1933, ch. 130), that could not affect the plaintiffs' relief hereunder.

For a further discussion of the points involved, reference is had to the case of *Power v. Jones,* p. 529, *post.*

It is clear that the law contemplates an appeal to the board of equalization by landowners only in the year when all the real property of the county is assessed, except in the case of new improvements, or destruction thereof, or other special circumstances, which are not shown in the record before us. There being no error in the record, the judgment of the trial court is

AFFIRMED.