MYRON W. POWER, APPELLEE, V. JAMES O. JONES ET AL.,
APPELLANTS.

FILED MARCH 30, 1934. No. 28893.

T. F. A. *Williams* and *Joseph S. Wishart,* for appellants.

*Beghtol, Foe & Rankin, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

PAINE, J.

The plaintiff filed a petition for the foreclosure of tax liens held by him, founded upon a tax sale certificate and delinquent taxes paid as subsequent taxes to said tax sale certificate, the original certificate being in the sum of $205.40, and the four subsequent years of 1927 to 1930, inclusive, being for a face amount of about $798.77, with interest at 12 per cent., said taxes covering the west half of the southwest quarter of section 4, township 8, range 8, in Lancaster county, Nebraska.

To this petition Mary Elizabeth Bratt, Lourene Bratt Wishart, and Joseph S. Wishart, administrator of the estate of John P. Bratt, filed an amended answer, setting up that John P. Bratt was the owner of the property described in the petition and sold the same to James O. Jones, taking back a note and mortgage in the sum of $9,000 upon the property described in the petition; that, prior to the taxes covered by the tax certificate owned by the plaintiff in this case, school district No. 8 was formed

in Lancaster county, commonly known as the Bennet school district, and included approximately seven sections adjoining the town of Bennet, having about 450 population. That in 1922 a school building was constructed in Bennet, costing approximately $70,000, and bonds were issued for the purpose of paying therefor. That because of the erection of said school building, and the burden imposed by the bonds issued in payment thereof, the 80 acres set out in the petition were taxed heavily in excess of lands located in adjoining country school districts. That during the period from 1926 to 1930 the tax upon said 80 acres ran from $2.46 an acre to $2.68 an acre, a part of which was an assessment running from 18.9 mills to 20.3 mills for the Bennet school district, while adjoining land located in school district No. 40, being of the same quality and character, was taxed for school purposes from 2.6 mills to 3.1 mills annually, the result being that the 80 acres set out in the petition was taxed at approximately $200, whereas adjoining lands of similar quality, lying adjacent to it in school districts Nos. 79 and 40, were taxed at approximately $50 for 80 acres, and that in another nearby school district, i. e., No. 31, 80-acre tracts were taxed at approximately $52, and the same was true of 80-acre tracts of land, similar in kind and character, lying in adjoining country school districts. That, as a result of such excessive and exorbitant tax burden, the fair average rental of said land is and was so largely reduced as to be disproportionate to the income from similar farm land in adjoining districts. That because of such tax burden the value of said farm land is 50 per cent. less on the open market than similar land lying outside the district, and that such condition has existed for approximately ten years. That said tax is and was confiscatory of the income, so that the owner was unable to pay the interest charges on the mortgage thereon and the taxes.

Plaintiff alleges that the taxes represented in plaintiff's tax sale certificate, and subsequent taxes paid thereon, are

illegal and void, and in violation of section 1, art. VIII, and section 3, art. I of the Constitution; that they do not create, and have never created, any lien upon said real estate, and are subordinate, inferior, and junior to the mortgage owned by these answering defendants upon said 80-acre tract, and ask that the court so determine.

James O. Jones and wife, Clara, file a separate answer, setting out that they are the owners of the 80 acres described in the petition, and that they mortgaged said land to John P. Bratt for $9,000, the same being a purchase money mortgage thereon, and the said answering defendants, Jones and wife, allege similar facts in relation to the taxes in the Bennet school district as compared with the taxes on farm lands lying without said district, and that the farm lands within the district are taxed too high, and that for that reason the school taxes upon their 80 acres of land are illegal and void, and the tax sale certificate of plaintiff which includes said school taxes of the Bennet school district is illegal and void, and pray that the trial court will so declare.

Trial was had, and the decree and judgment of the lower court was for the plaintiff upon his tax liens, and holding that the school district taxes levied, as set out in the plaintiff's petition, were not void, but at most were voidable, and foreclosure was granted upon the tax liens, as prayed.

In 1915 the legislature passed an act for the purpose of allowing rural school districts to join together and include sufficient real estate within their district to warrant the issuing of bonds and the building of a high school. This consolidation of several school districts allowed rural high schools to be established at points where the same were demanded and permitted, such district to collect tuition for all pupils attracted to said high school from adjoining school districts. The proceedings leading up to these matters were had in accordance with sections 79-901 to 79-905, Comp. St. 1929.

The tax sale certificate in suit was issued for the taxes

of 1926, which were delinquent after May 1, 1927, and were sold at public tax sale held November 7, 1927.

The assessing authorities are required to make valuation once in four years of all real estate, as of April 1, by section 77-1601, Comp. St. 1929. This section provides that all real property shall be assessed in 1926 and each four years thereafter. While this section was amended in 1933 (Laws 1933, ch. 130) to require all real property to be assessed every two years, that amendment does not affect this case.

Section 77-1503, Comp. St. 1929, provided that such valuation shall not be changed except when all the real property of the county is assessed, unless for altered conditions, which is not alleged in this case.

"When the tax is void, either because the person assessed was not subject to taxation, or because it was assessed for an unlawful purpose, or without compliance with provisions of law imposed, it can be recovered back or treated as void in proceedings to enforce payment of tax." *Moffitt v. Reed,* 124 Neb. 410.

If a tax or assessment is levied without authority of law, it is, of course, void. This sometimes arises when the levy is made without a compliance with the jurisdictional requirements. It might also arise when there was no tax which the plaintiff was in equity bound to pay; as, for instance, where a city attempted to levy taxes upon property outside of its boundaries. If a tax is absolutely void, the taxpayer may, if not guilty of laches, invoke the aid of the court to protect his rights. *Touzalin v. City of Omaha,* 25 Neb. 817; *Rothwell v. Knox County,* 62 Neb. 50; *Wiese v. City of South Omaha,* 85 Neb. 844; *Hemple v. City of Hastings,* 79 Neb. 723.

I have been unable to find a decision in Nebraska holding that if an assessment was too high the tax would be absolutely void. In cases where property is assessed at a higher proportion of its actual value than other property similarly located, the taxpayer should first apply to

the board of equalization to correct any errors therein. This appears to be a prerequisite to bringing legal action. *Medland v. Connell*, 57 Neb. 10; *Western Union Telegraph Co. v. Douglas County*, 76 Neb. 666; *Hahn System v. Stroud*, 109 Neb. 181; *Philadelphia Mortgage & Trust Co. v. City of Omaha*, 65 Neb. 93; *Schmidt v. Saline County*, 122 Neb. 56; *Sioux City Bridge Co. v. Dakota County*, 260 U. S. 441, 28 A. L. R. 979; *Meridian Highway Bridge Co. v. Cedar County*, 117 Neb. 214.

The school district of Bennet has since its enlargement conducted an accredited high school of 12 grades. The voters must have determined that they desired such a school. It has attracted a number of pupils from near-by districts, for which this district has drawn $108 tuition annually for each pupil so attending, amounting to over $3,000 annually. To carry on such a fine school plant requires money, but there are compensating benefits in having such a school in your own district. If the expense of conducting this high school has become excessive, relief should be sought first by having the local school-board cut down expenses and lower the school levy.

No proper steps were taken by the owner of this property, either after the assessment of the property for the year 1926 or 1930, to bring his complaint of the high assessment of his land before the board of equalization in June of either year, as provided in section 77-1702, Comp. St. 1929, and, if relief was denied, to appeal therefrom to the district court, in accordance with section 77-1705, Comp. St. 1929, and the question cannot be raised in a foreclosure of a tax lien based upon taxes against which the property owner failed to take any of the legal steps provided by our Nebraska law. There being no error in the record, the judgment of the trial court is

AFFIRMED.