FRANK E. EDGERTON, APPELLEE, v. BOARD OF EQUALIZATION OF HAMILTON COUNTY ET AL., APPELLANTS.

300 N. W. 413

FILED OCTOBER 24, 1941. No. 31199.

*Dallas S. Gibson* and *Kirkpatrick & Dougherty,* for appellants.

*Craft, Edgerton & Fraizer, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

The question here presented involves the assessed value for the year 1940 of garage property in the city of Aurora. The assessor fixed the value of the property at $2,850. The board of equalization reviewed and affirmed the assessment. Plaintiff appealed to the district court where the value was fixed at $1,850. Defendants appeal to this court.

The plaintiff offered six witnesses who qualified as experts and in varying ways described the property, its location, condition of improvements, gross income, expenses for repairs, taxes, insurance and depreciation. All of these witnesses fixed the actual value at $1,500 or less. The defendants examined plaintiff's witnesses as to their qualifications, knowledge of values and condition of the property, and other elements which they considered in arriving at their opinion of the value of the property. The defendants offered no evidence.

Defendants' first contention is that the evidence is insufficient to sustain the judgment of the trial court. This is based upon the rules last announced by this court in *Kennedy v. Buffalo County,* 134 Neb. 744, 279 N. W. 464, that the burden of proof is upon the appealing taxpayer to show that the value as fixed by the board of equalization is erroneous; and that the assessment as fixed by the board is final and should not be disturbed on appeal unless it appears from clear and convincing proof that it is erroneous.

The evidence of plaintiff's witnesses has been reviewed. There is no evidence to the contrary. Only one conclusion can be drawn from this testimony, and that is that plaintiff has established by the requisite proof that the value as fixed by the board of equalization is excessive and erroneous. Defendants are not in a position to complain because the trial court fixed the value at $350 more than that testified to by any witness. There is no evidence in the record to sustain a higher value.

Defendants next contend that the trial court erred in permitting certain witnesses to testify as to the total value of the property because their cross-examination revealed that they had not taken into consideration a small sheet metal building situated on the rear of the property, used for storage and other purposes. Certain of plaintiff's witnesses testified that it did not add to the value of the property. Defendants offered no evidence as to its value. This contention is without merit.

Defendants' next contention is that, in an appeal from an order of a board of equalization in the matter of assessment of property for taxation, the cause must be tried on the questions raised by the complainant before that tribunal (citing *Nebraska Telephone Co. v. Hall County*, 75 Neb. 405, 106 N. W. 471), and that on the trial in the district court there was no segregation of the value of the land from the value of the improvements. An examination of the petition filed in the district court reveals that plaintiff alleged ownership of the real estate, describing it; that the assessed valuation was $2,850, "being $1,050 on the lots and $1,800 on the building;" that he had filed an application with the board of equalization asking that the valuation "be reduced to $1,500;" and that the board had refused to reduce the assessment. These allegations are admitted by the answer. The sole issue tendered was whether or not the assessment was in excess of the actual value of the real estate. Plaintiff prayed for an order fixing the valuation of the property at $1,500 or less. Defendants prayed that the findings and orders

of the board remain undisturbed. This refinement of the issue does not seem to have been presented to the trial court by appropriate pleading, in objections to evidence during the trial, or in the motion for a new trial. It seems to have been presented for the first time in the printed argument to this court. Consistent with the established rule of this court, defendants cannot now inject that issue into the case. *Bankers Life Ins. Co. v. Robbins*, 59 Neb. 170, 80 N. W. 484.

Finally, defendants argue that "none of the witnesses have taken into consideration those items which go to fix the values as defined by section 77-201, Comp. St. Supp. 1939." This statute is as follows:

"All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. In arriving at the 'actual value' of property, as used in this Act, there shall be taken into consideration its value in the market in the ordinary course of trade and in arriving at the 'actual value' of real property there shall also be taken into consideration the proximity of such property to markets, the school facilities and other advantages and other facilities afforded by the governmental subdivision or subdivisions in which the real property is situated, the tax burden upon the real property, and every other element or factor affecting the actual value of said real property."

Under the statute the actual value determines the assessed value of property. To assist the governmental agency charged with that duty in the determination of that actual value, the legislature has defined certain elements that are to be considered, as well as requiring that "every other element or factor affecting the actual value of said real property" shall be considered in arriving at the ultimate fact of "actual value." The statute does not require, as defendants appear to contend, that each witness must expressly state that he has taken each and every one of said elements into consideration before being permitted to express his opinion as to the actual value of a

piece of property, or before that opinion may be considered in determining the actual value. He may be examined, if a party so desires, as to the elements that he has considered in arriving at his conclusion. The objection raised by the defendants here goes, not to the competency of the evidence, but to the weight to be given to it by the fact determining body.

The judgment of the trial court is

AFFIRMED.