MATT W. HOMAN, APPELLEE, V. BOARD OF EQUALIZATION,
BOONE COUNTY, APPELLANT.

3 N. W. (2d) 650

FILED MAY 1, 1942.  No. 31299.

*Walter R. Johnson, Attorney General, Edwin Vail, William Keeshan* and *Raymond P. Medlin,* for appellant.

*Earl Hasselbalch, contra.*

*Perry, Van Pelt & Marti, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an appeal by the board of equalization for Boone county from a decree entered by the district court for Boone

county, fixing the valuation of plaintiff's property for taxation purposes.

The record shows that Homan was the owner of 80 acres of land in Boone county. The property was assessed for taxation purposes in the amount of $6,580 in 1940. Homan complained that this valuation was too high, and on June 13, 1940, the county board of equalization reduced the valuation to $3,290. On July 19, 1940, Homan appealed to the district court for Boone county, and on December 9, 1940, the district court entered its decree, finding the actual value of the property for taxation purposes to be $1,875. On July 8, 1940, a hearing was had by the state board of equalization and on July 26, 1940, it entered an order raising the assessed valuation of all property in Boone county to the amount of the original valuation by the board of equalization, less 21 per cent.

The county board of equalization appeals from the decree of the district court fixing the valuation at $1,875. The court in its decree also found that the fact that the above described real estate is in the village school district of Cedar Rapids depreciates its value. Complaint is also made of the rulings of the trial court in admitting evidence that the Homan land was in the Cedar Rapids school district and that the taxes in the district were so high as to seriously impair the value of plaintiff's land.

The fixing of valuations of property for taxation purposes is prescribed by the Constitution and legislative enactments supplementary thereto.

The applicable constitutional provision provides: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct; but taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, and taxes uniform as to class may be levied by valuation upon all other property. Taxes other than property taxes may be authorized by law. Existing revenue laws shall continue in effect until changed by the Legislature." Const. art. VIII, sec. 1.

The statute applicable to such cases as the one at bar, prior to 1939, was section 77-201, Comp. St. 1929, which was as follows: "All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. 'Actual value,' as used in this act, shall mean its value in the market in the ordinary course of trade."

In 1939 the legislature amended this section by adding the following language: "And in arriving at the 'actual value' of real property there shall also be taken into consideration the proximity of such property to markets, the school facilities and other advantages and other facilities afforded by the governmental subdivision or subdivisions in which the real property is situated, the tax burden upon the real property, and every other element or factor affecting the actual value of said real property." Comp. St. Supp. 1939, sec. 77-201.

A reading of section 77-201, Comp. St. Supp. 1939, reveals that the amendment of 1939 has provided one of two things; first, a different method for fixing the actual value of real property than that prescribed for other property, or, second, the legislative amendment of 1939 was merely declaratory of the elements considered in arriving at actual value in any event. We are inclined to the view that the inclusion of the additional elements to be considered in fixing actual value of real property creates two different methods of appraising property in the same class. A consideration of the new elements prescribed in the 1939 amendment would result in a different valuation than if the amendment had not been made. In *Schulz v. Dixon County*, 134 Neb. 549, 279 N. W. 179, this court, in discussing the same subject, said: "The payment of general taxes for school purposes may not operate, directly or indirectly, to secure immunity from the payment of state or county taxes, in whole or in part. To do so would be to violate the constitutional provision requiring state and county taxes to be equal and uniform throughout the state and throughout the county. Such is the inescapable effect of the decision before us." The reasoning contained

in the foregoing case is unanswerable and, in the interest of brevity, it will not be quoted here. We conclude therefore that the establishment of the two methods of valuation of property in the same class for taxation purposes results in a want of uniformity prohibited by section 1, art. VIII of the Constitution. The record shows a finding by the trial court that the fact that the land is in the city school district depreciates its value. It is also shown that the tax burden upon the property was taken into consideration in arriving at the actual value of the land. Consequently, elements were considered in fixing the valuation of this real property for tax purposes which could not be properly considered. It is pointed out that the decision in the *Schulz* case was subsequently abrogated by the 1939 amendment of section 77-201, Comp. St. 1929. We agree with the general proposition that the legislature has the power to change the substantive law as announced by this court by the passage of a statute so providing, but it does not have the power to pass a statute in violation of the provisions of the Constitution in so doing. By the injection of provisions which create a want of uniformity in determining the actual value of property in the same class for taxation purposes, the legislative amendment (Laws 1939, ch. 102) is in direct conflict with section 1, art. VIII of the Constitution, and is consequently void.

It is argued that the constitutionality of chapter 102, Laws 1939, was not properly raised by the pleadings. We think that the pleading in the answer of the constitutional provision, coupled with the other allegations contained therein, is sufficient to raise this issue. The question was clearly raised by the motion for a new trial, and we conclude that the issue is properly before this court.

It is urged that the action of the state board of equalization fixes the valuations of the property involved for tax purposes and that a failure to appeal from such order makes the actual value fixed by the state board of equalization final for all purposes. With this we cannot agree. In *Hacker v. Howe,* 72 Neb. 385, 101 N. W. 255, this court said: "The state board does not deal with individual assessments but

with the property of a county as a whole, and if it appears to them to be assessed at a valuation relatively lower or higher than the property in all other counties, the whole is affected by the order of equalization, and not the different items or classes. Individual discrepancies and inequalities the law contemplates shall be corrected and equalized by the county authorities, and a taxpayer failing to avail himself of the opportunity thus presented has no legal ground of complaint because of the action of the state board of equalization in lowering or raising the valuation of all the property in the county so as to conform with all other property throughout the state. The county board is especially empowered to hear complaints and grievances as between individual taxpayers, and to adjust and remedy the same as may seem just and equitable. The state board possesses no such power." See, also, sections 77-1702, 77-1705, Comp. St. 1929.

When a taxpayer claims that real estate is assessed too high, he should first apply for relief to the county board of equalization and, if denied, should appeal to the courts. *Power v. Jones,* 126 Neb. 529, 253 N. W. 867. Clearly, the plaintiff pursued the proper course to secure a reduction of his individual assessment.

This conclusion requires that the judgment of the district court be reversed and the cause remanded, with directions to the trial court to determine the actual value of plaintiff's property for taxation purposes without regard to chapter 102, Laws 1939. The valuation so determined will supersede that fixed by the county board of equalization.

The record shows that the state board of equalization ordered an increase in valuation over the valuation fixed by the county board of equalization. This order was not appealed from and became final. Consequently, after the district court has found the actual value of plaintiff's property for purposes of taxation, the county board of equalization is required to give effect to the final order of the state board of equalization. Plaintiff, not having appealed from the order of the state board of equalization, is in no position to complain of the increase ordered by that body over and above

the amount of the actual valuation finally determined under the provisions of sections 77-1702, 77-1705, Comp. St. 1929.

For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings in accordance with the opinion.

REVERSED.