REQUESTED BY: Dear Senator:
You have asked our opinion as to the constitutional validity of the Standing Committee amendments to L.B. 131. These amendments have stricken the first three sections of the original bill, and substituted nine new sections.
The first section is simply a statement of the purpose of the act, and presents no constitutional question. Section 2 requires the county assessor each year to notify the county board of his plans for determining the county's values for the coming assessment year. Section 3 requires the county board to review the assessor's plans, and to forward a copy to the tax commissioner, together with the comments of the county board and a report as to the assessor's budget to accomplish his duties. Section 4 requires the tax commissioner to analyze the reports from the counties, and to notify each county board and assessor as to the tax commissioner's opinion as to what must be done to maintain the property (sic) level of values. Section 5 requires the tax commissioner to transmit copies of his actions to each member of the State Board of Equalization and Assessment, and requires the Board to consider such information, together with a report by the tax commissioner as to the extent of compliance. We see no constitutional difficulties with these sections.
Section 6 provides that for the year 1977 the total real estate values in any county shall not exceed those used in 1976, except for values attributed to changes in new and used improvements. For the year 1978, all counties are to use new values reflecting current actual values, and if any county refuses, the State Board of Equalization and Assessment shall equalize such county based upon the level of values in surrounding counties.
This section appears to clearly violate the provisions of Article VIII, Section 1 of the Nebraska Constitution, which requires taxes to be levied by valuation uniformly and proportionately upon all tangible property, with certain exceptions. Section 6 of the bill in question would authorize a county to continue to use 1976 valuations of real estate, in spite of the fact that such valuations might not reflect actual values in 1977. Section 77-201, R.R.S. 1943 requires all tangible property to be valued at its actual value. Obviously, other types of taxable property would continue to be assessed at actual values, creating an automatic lack of uniformity. Homan v. Board of Equalization, 141 Neb. 400,3 N.W.2d 650 (1942) held that providing a method for fixing the valuation of real estate different from that provided for other tangible property violated Article VIII, Section 1. We believe the court would reach the same conclusion with respect to this provision.
As we pointed out in our opinion of February 10, 1977, with respect to the original version of L.B. 131, the State Board of Equalization and Assessment is required by Article IV, Section 28 to review and equalize assessments of property for taxation. This bill, like the original, would prohibit the Board from doing so. The Legislature cannot prevent the Board from performing duties imposed upon it by the Constitution.
In providing that in 1978 the State Board of Equalization and Assessment shall equalize counties based upon the levels of value in surrounding counties, the bill seems to authorize a standard of assessment different from that specified by section 77-201, and, again, could result in a lack of uniformity, since other property, particularly centrally assessed property, would be valued on a different basis.
Sections 7, 8, and 9 of the bill are too long to be set out in detail herein, but, in summary, they attempt to limit increases in budgets of taxing districts. Section 7 provides that at the time of the first levy against new valuations resulting from a county-wide reappraisal, the budget for each taxing district shall not exceed 7% of the previous year's budget funded by ad valorem taxes or the average increase by percentage for the three preceding budgets, whichever is greater. This provision does not appear to us to say what is intended. Clearly, it is the increase in the budget which is not to exceed 7%, or the average increase for the preceding three budgets, not the budget itself. We will construe it to mean what we believe was intended, but call attention to the ambiguous language. The balance of section 7 deals with certain adjustments and exceptions to the limitations set out in the first part of the section.
Section 8 deals with other exceptions to the limitations set out in section 7. We particularly note the fourth of these, which excepts from the limitations those taxing districts which are levying a tax on property which has increased in value less than 10% from the preceding year.
Questions of classification arise with respect to these sections. We pointed out in our previous opinion regarding this bill that the court might find unreasonable classification with respect to a provision that would give two identical taxing districts different budget limitations, based upon what appear to be irrelevant considerations. Past budgets may have no relation to a district's need in the future, but would amount to arbitrary limitations.
In addition to what we said in our previous opinion, we point out that the amendments create other classification questions. Section 7 appears to impose the limitation only when a county-wide reappraisal is about to be put into effect. We do not understand what relationship a reappraisal has to the size of budgets, except for taxing districts which have a fixed mill levy. For a taxing district which submits a fixed dollar figure to the county board, it is completely irrelevant, assuming that the dollar figure can be raised within the statutory mill levy limitations. The board makes the levy to raise that amount of money. If the assessed valuations are high, the levy will be low, and if the valuations are low, the levy will be proportionately higher. We have difficulty seeing why the budget limitations are necessary when a reappraisal goes into effect, but not before.
The same question arises with respect to the fourth exception contained in section 8, previously mentioned. If the assessed value of property in the district has increased less than 10% from the preceding year, the limitations on budget are off. We are unable to understand the rationale of this provision, and, unless it could be explained to the court, it might be found to be unreasonable classification, in violation of Article III, Section 18 of the Constitution.
Section 9 of the bill is confusing. It provides that if the governing body of a taxing district determines that a budget higher than permitted by section 7 and 8 is needed, it shall hold a public meeting to receive input from the public as to the advisability of exceeding the limits prescribed by sections 7 and 8. Subsection (2) of section 9 permits the governing body, following the public meeting, toreduce any item of the budget to bring it closer to the limits set by sections 7 and 8 of the act. We find nothing in section 9 which authorizes the governing body to exceed the limitations of section 7 and 8, although it is difficult to see the reason for the public meeting if these limits are not to be exceeded.
We believe, in view of the matters discussed above, that it would be very difficult to sustain the constitutional validity of the amended bill in its present form.